**In re Petition for Reinstatement to the Practice of Law of Patrick J. FLANERY.**

No. C2–88–1331.

Supreme Court of Minnesota.

Nov. 7, 1994.

*ORDER*

WHEREAS, the petitioner for reinstatement Patrick J. Flanery was placed on indefinite suspension from the practice of law for a period of at least 5 years, *In Re Disciplinary Action Against Flanery,* 431 N.W.2d 115

---

(Minn.1988), and 5 years has elapsed since that suspension; and

WHEREAS, upon his petition, an investigation was conducted by the Director of the Lawyers Professional Responsibility Board and a panel of the Board conducted a hearing; and

WHEREAS, the panel has issued findings of fact, conclusions of law, and a recommendation for reinstatement with 2 years' supervised probation subject to enumerated conditions, and the Director concurs in the recommendation; and

WHEREAS, the court has considered the unopposed recommendation of the panel and the file in this matter,

IT IS HEREBY ORDERED that Patrick J. Flanery is immediately reinstated to the practice of law and placed on 2 years' supervised probation subject to the following conditions:

1. Continued abstinence from all mood-altering chemicals and continued attendance at weekly meetings of Alcoholics Anonymous or Lawyers Concerned for Lawyers,

2. Any instance of lack of abstinence shall be sufficient for immediate revocation of probation and suspension from the practice of law.

3. Upon reinstatement, petitioner shall be supervised by an attorney acceptable to the Director. If he continues in his present employment (as he told the panel he plans to do), the supervising attorney shall contact his work supervisor and report to the Director's office quarterly as to petitioner's professional performance.

4. Petitioner shall accept no private clients while in his present employment without notifying the Director's office and his supervising attorney, supplying to both a detailed written business and office procedure plan, and he shall consult at least monthly with his supervising attorney in sufficient detail so that the supervisor can monitor his practice. Other than family members, petitioner shall not accept private clients in areas of law other than estate and tax planning during his probation.

5. At least 3 months before leaving his present employment to enter private practice or at least 6 months before the end of petitioner's 2-year probation, whichever is earlier, petitioner shall undergo a psychological evaluation to determine his psychological readiness to enter private practice. If, in the opinion of the psychologist or psychiatrist, continued supervision after entry into private practice is advisable, petitioner's supervised probation shall continue for an additional 2 years. If the opinion is that supervision is unnecessary, petitioner's probation shall end 2 years following his reinstatement to the practice of law.

BY THE COURT:

/s/ M. Jeanne Coyne
M. Jeanne Coyne
Associate Justice